IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALISHAN ZULFIKAR KAREDIA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-26-CV-1144-FB |
| | § | |
| ROSE THOMPSON in her official | § | |
| capacity as Warden of the Karnes County | § | |
| Residential Center, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO ENFORCE

Before the Court is Petitioner's Motion to Enforce the Court's Order ("Motion to Enforce") (ECF No. 13), filed by Petitioner Alishan Zulfikar Karedia ("Petitioner") on March 12, 2026. On March 5, 2026, the Court granted in part Petitioner's Petition for Writ of Habeas Corpus ("Order") and ordered Respondents to either: (1) provide Petitioner with a bond hearing before an immigration judge, at which the Respondents were to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. (ECF No. 8 at page 6). Petitioner has now informed the Court that an immigration judge held a hearing and Petitioner was denied bond. Thus, Petitioner remains detained.

Petitioner has filed a Motion to Enforce, arguing that Respondents failed to comply with this Court's March 5 Order because the immigration judge's order consists of a "single, conclusory statement: 'The [Petitioner] is a significant flight risk and no bond amount will ensure his appearance at future hearings.'" (ECF No. 13 at Exhibit A). Petitioner contends the immigration judge "failed to apply the 'clear and convincing' standard, and he overlooked the extensive evidence supporting Petitioner's release." (ECF No. 13 at pages 1-2).

-2-

This Court lacks jurisdiction to sit in review of an immigration judge's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678-79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, the immigration judge heard the evidence and made a factual finding regarding Petitioner's flight risk. "Whether the Court agrees with the [immigration judge's] flight risk determination is of no importance–the Court simply lacks jurisdiction to review such a discretionary finding." *Pineda-Romero v. Olsen*, Cause No. EP-26-CV-257-KC (ECF No. 8 at page 2) (W.D. Tex. Feb. 20, 2026) (citing *Lopez Arevelo*, 801 F. Supp. 3d at 678-79).

IT IS THEREFORE ORDERED that Petitioner's Petitioner's Motion to Enforce the Court's Order (ECF No. 13) is DENIED.

It is so ORDERED.

SIGNED this 16th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

-2-